**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LASSISSI AFOLABI,

        Petitioner,

        v.

STEVEN KNIGHT,

        Respondent.

Civil Action
No. 22-5633 (CPO)

**OPINION**

**O'HEARN, District Judge.**

    Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 3.) Respondent filed a limited[1] Answer opposing relief, (ECF No. 6), and Petitioner submitted a Reply, (ECF No. 7). For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

    Petitioner filed his Petition under § 2241, challenging the validity of his conviction and sentence. Essentially, Petitioner argues that his sentencing court, the United States District Court for the District of New Jersey,[2] lacked jurisdiction over him. (*See id.* at 15–48.) He alleges that his sentencing court lacked jurisdiction because the indictment against him "failed to establish [a] federal interstate commerce nexus" and because "Title 18 U.S.C. is unconstitutional." (ECF No. 3, at 8.)

---

[1] The Court had ordered a limited answer on the issue of jurisdiction. (ECF No. 5.)

[2] The Honorable Jose L. Linares presided over Petitioner's criminal case, *United States v. Afolabi*, Crim. No. 07-785.

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  More specifically, the "savings clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id*. at 538.  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

During the pendency of this case, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023).   In *Jones*, the Supreme Court "sharply curtail[ed] the use of the savings clause for collateral attacks under § 2241," and limits its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474); *see also Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir.

Dec. 15, 2023); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id*. at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide"). Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted).

Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Applying those principles here, § 2255 is not inadequate or ineffective to raise Petitioner's claims. Indeed, Petitioner's claims that his sentencing court lacked jurisdiction, is a type of claim specifically enumerated under § 2255. *See* 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence."); *see also e.g.*, *Osborne v. Ortiz*, No. 20-20561, 2022 WL 2067282, at *1 (D.N.J. June 8, 2022); *Samuels v. United States*, No. 20-6970, 2021 WL 194762, at *4 (D.N.J. Jan. 19, 2021). Nor has Petitioner otherwise met the "impossible or impracticable" standard to trigger the savings clause, *Jones*, 599

U.S. at 474, as his sentencing court, this Court, has not "burned to the ground or been carried away" by the waves. *Id*. at 504 (J. Jackson, dissenting).

In his Reply, Petitioner challenges *Jones*, arguing that the Supreme Court held that Congress rejected the "impossible or impracticable" standard. (ECF No. 7, at 2 (emphasizing that the "majority . . . fails to mention that Congress specifically rejected language that embraced the majority's 'impracticable only' proposition.") (quoting *Jones*, 599 U.S. at 504–05) (J. Jackson, dissenting)). Petitioner's argument, however, relies on the dissents in *Jones*, but it is the majority's decisions that are binding on this Court. Accordingly, this Court is obliged to follow the majority's "impossible or impracticable" standard.

Additionally, Petitioner argues that § 2255 is inadequate or ineffective because he applied to file a second or successive § 2255 motion, and the Third Circuit denied his application. (ECF No. 7, at 3.) Once again, it "is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. As discussed above, § 2255 explicitly allows a petitioner to challenge his sentencing court's jurisdiction. *See e.g.*, 28 U.S.C. § 2255(a); *Osborne*, 2022 WL 2067282, at *1; *Samuels*, 2021 WL 194762, at *4. "Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because" Petitioner is personally "unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion." *Harrison v. Schultz*, 285 F. App'x 887, 888 (3d Cir. 2008); *see also e.g.*, *Cruz v. United States*, 665 F. App'x 126, 127 (3d Cir. 2016); *Russell v. Allenwood*, 639 F. App'x 891, 892 (3d Cir. 2016).

Accordingly, this Court lacks jurisdiction under § 2241 to consider Petitioner's claims. When a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could

have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, *see Afolabi v. Warden Fort Dix FCI*, 821 F. App'x 72, 73 (3d Cir. 2020), he must seek authorization from the Third Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer the Petition to the Third Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2), and because he alleges that the Third Circuit has already denied his application to file a second or successive motion. (ECF No. 7, at 3); *see generally In re: Afolabi*, No. 21-3203, ECF No. 4 (3d. Cir. 2021) (denying application). However, this Court's decision does not prevent Petitioner from seeking permission from the Third Circuit on his own.

For all those reasons, the Court will dismiss the Petition for lack of jurisdiction.

DATED: January 11, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

5